ZEPHANIAH B. JOB *et al.*, appellants, *v.* ALBERT TEBBETTS, appellee.

## *Appeal from Madison.*

In taking proof of the execution of a deed by the testimony of a subscribing witness, the bare statement by the certifying officer that such person was "known" to said officer, is neither a literal nor substantial compliance with the requisitions of the statute; nor is the statement of the person testifying as to the execution of the deed, the proof of a "credible witness" required by the statute, that such person is a subscribing witness to the deed.

It is not necessary to state in the certificate of proof of a deed by a competent and credible witness, as required by the statute, that such witness is "competent and credible." The law presumes that the officer complied with the directions of the statute by examining a competent and credible witness, but this presumption, however, may be rebutted by proof to the contrary.

Where, in taking proof of the handwriting of grantors to a deed, the witness stated that he, as agent of the Illinois Land Company, had frequently seen, and well knew all the signatures of the grantors named in the deed as trustees, and of the subscribing witness as secretary of the same Company, in connection with the transactions of said Company, it was *held* to be sufficient to show, either that he had seen them write, or had seen documents with their names subscribed thereunto, and recognized by them as genuine in the course of business transactions.

Proof that the grantor in a deed, and the subscribing witnesses are deceased, or cannot be had, must be made, preliminary to the examination of a witness to prove their handwriting. In the absence of anything to the contrary, it will be presumed that such proof was made.

It is not necessary to state in the certificate of proof of a deed by the testimony of a subscribing witness, that he subscribed his name as such in the presence and at the request of the grantor. The proof made by the witness, which is required to be stated in the certificate has reference to the execution of the deed by the grantor, and not to the subscription of the name of the subscribing witness thereto as such.

The description of land in a deed offered in evidence, was thus: "A certain tract of land situate in Madison county, in the State of Illinois, to wit: The south fractional half of section No. 33, T. 5 N. of R. No. 9, west of the 4th principal meridian." The declaration in ejectment described the land in the same manner, except as to the meridian, which was called the third principal meridian. It was objected that there was a variance between the declaration and proof: *Held,* that the words in the deed, "the 4th principal meridian," were surplusage, Madison County being south of that meridian, and there being no such land as that described as being west of it.

EJECTMENT, in the Madison Circuit Court, brought by the appellee against the appellants.

The proceedings in the case in the Circuit Court, are fully stated in the Opinion of this Court.

*J. Gillespie,* and *L. Trumbull,* for the appellants.

*H. W. Billings & L. B. Parsons, Jr.,* for the appellee.

1. A certificate of acknowledgment substantially complying with the statute as to the facts to be embodied therein, is sufficient. *Vance* v. *Schuyler,* 1 Gilm. 163; *Livingston* v. *Kettelle,* Ib. 118.

2. The form of a certificate is immaterial, provided the directions of the law are substantially complied with. *Jackson* v. *Gumaer,* 2 Cowen, 567; *Nants* v. *Bailey,* 3 Dana, 111; *Talbot* v. *Simpson,* Peters' C. C. R. 190; *Brown* v. *Farrow,* Ohio Cond. R. 509.

3. What shall be satisfactory evidence that the person offering himself is a subscribing witness, is left to the discretion of the officer. *Jackson* v. *Vickray,* 1 Wend. 412; *Same* v. *Harrow,* 11 Johns. 435. As to the correct meaning of "competent and credible witness," as used in the 20th section of the 24th chapter of the Revised Statutes, see *Losee* v. *Losee,* 2 Hill's (N. Y.) R. 612.

4. Wherever there is a subscribing witness to the execution of a deed, it is not necessary to produce the witness on the trial, unless he is within the reach of the process of the Court. *Wiley* v. *Bean,* 1 Gilm. 305.

5. To prove the handwriting of a person, any witness may be called who has, by sufficient means, acquired such a knowledge of the general character of the handwriting of the party as will enable him to swear to his belief that the handwriting in question, is the handwriting of that person. 2 Stark. Ev. 372–3. Such knowledge may be derived from having seen the person write, or from authentic papers received in the course of business. *Tilford* v. *Knott,* 2 Johns. Ca. 214; 1 Greenl. Ev. 646, §.577; *Jackson* v. *Phillips,* 9 Cowen, 112; *Furber* v. *Hilliard,* 2 New Hamp. 481; 3 Phillips' Ev. 1325.

6. If, in the description of an estate in a deed, there are

particulars sufficiently ascertained to designate the thing intended to be granted, the addition of circumstances, false or mistaken, will not frustrate the deed. *Jackson* v. *Clark*, 7 Johns. 222; *Same* v. *Root*, 18 do. 78–9; *Same* v. *Marsh*, 6 Cowen, 283–4.

7. The governing consideration in all cases upon the construction of deeds, is to give effect to the intention of the parties, if the words they employ will admit of it. *Jackson* v. *Loomis*, 18 Johns. 84; *Same* v. *Same*, 19 do. 450–51; *Worthington* v. *Hylyer*, 4 Mass. 196; *Hall* v. *Fuller*, 7 Verm. 105; *Gates* v. *Lewis*, Ib. 513. "*Falsa demonstratio non nocet*," when the thing itself is certainly described. 4 Kent's Com. 467.

8. The meaning of a deed and what are the boundaries, are questions of construction for the Court; where the land lies, is a question for the jury. *Hurley* v. *Morgan*, 1 Dev. & Batt. 425; 2 U. S. Dig. 45, § 465.

9. Where an ambiguity as to the location and boundaries of land exist on the face of the deed, the Court may allow evidence *dehors* the grant to go to the jury, and this is a proper matter for their consideration. *Baker* v. *Talbot*, 6 Monroe; *Dorsey* v. *Hammond*, 1 Har. & Johns. 201; *Davis* v. *Batty*, Ib. 281; *Thompson* v. *Brown*, Ib. 337.

10. Where parol evidence is illegally admitted to explain the description of land granted in a deed, it is no cause for reversal, if, from the language in the deed, the Court can fix the boundaries without the aid of such evidence. *Letcher* v. *Norton*, 4 Scam. 579.

The Opinion of the Court was delivered by

THOMAS, J. This was an action of *ejectment* brought by plaintiff below against defendants below, for the recovery of the south fractional half of section 33, in township 5 north, range 9 west of the third principal meridian.

The plaintiffs offered in evidence among other things,

1st. A deed from John W. Leavitt, Charles F. Moulton, Daniel Low, David H. Nevins, John N. Gossler, Joseph L.

Job *et al. v.* Tebbetts.

Joseph, Samuel S. Lewis, Amos. Binney, James C. Dunn, Lemuel Lamb, Joseph Swift, Charles Atwater, and James B. Danforth, to. Lemuel Lamb and Thomas Dunlap; which was objected to on account of the insufficiency of the proofs and acknowledgments, but the objection was overruled, to which defendant excepted.

Plaintiff also offered a deed from said Lamb and Dunlap to David H. Nevins and John Alstyne, which was objected to on account of the insufficiency of the acknowledgment thereto, and proof thereof, but the same was overruled, to which defendants excepted.

Plaintiff then offered a deed from Henry Winsor, assignee of the estate of Samuel S. Lewis to Albert Tebbetts, which was objected to on account of a misdescription of the land; whereupon plaintiff offered a witness to prove that he knew the south fractional half of section 33, township 5 north, range 9 west, in Madison county, Illinois, and that was the land in question, and that it was west of the third principal meridian, and that there were no lands in Madison county west of the fourth principal meridian. To the introduction of this proof defendants objected, but the testimony was allowed and the witness swore as above stated, to which defendants objected.

The plaintiff offered another deed from Henry Winsor to Albert Tebbetts, which was objected to, and the objection sustained, to which the plaintiff excepted. The jury found 11-13ths of the land in question to be in the plaintiff, and the defendants moved the Court for a new trial, which was overruled and judgment accordingly, and defendants excepted.

The parties bring the cause into this Court, in the shape of an agreed case, upon portions of the record. It is admitted that plaintiff would have failed in making out his title, if either of the deeds above set forth, offered by the plaintiff, objected to by defendants, and allowed to be read to the jury, had been excluded by the Court, or if the testimony of the said witness to identify the land in question had been excluded, unless the Supreme Court should be of the opinion that the second deed from Winsor to Tebbetts, and rejected by the Court, was improperly rejected, in which event, the judg-

ment below is not to be reversed on account of any defect in the deed from Winsor to Tebbetts admitted by the Court.

I. The first mentioned deed purports to have been executed by all the several grantors named in it, in proper person, except Charles F. Moulton, in whose name it appears to have been executed by David H. Nevins, as attorney in fact. The name of F. Taylor is subscribed to said deed as a subscribing witness, and that of J. Tillson Jr. also as to the signature of J. C. Dunn.

There are attached to the said deed eight several certificates of proof of the execution thereof by one or more of the several grantors named in it. The defendants admitting the sufficiency of one of said certificates, (to wit, the fifth in the order in which they were taken,) to prove the execution of the said deed by the grantor Dunn, denies that the signature of the remaining grantors, or any of them, are shown by any of the remaining certificates to have been legally proved. ·

1st. The insufficiency of the first certificate is admitted by the plaintiff as showing only an acknowledgment of the professed agent of Charles F. Moulton, of his execution of the deed in the name of the said Moulton, without the exhibition of any evidence of his authority to represent him in that behalf.

2d. The second certificate is in the words and figures following to wit:

"State of New York, }
King's County.      Be it remembered that on the 25th day of August, in the year of our Lord eighteen hundred and thirty eight, personally appeared before me, Frederick Taylor to me known, who being by me duly sworn did depose and say, that he resides in the city of Philadelphia, and that the within named individuals, that is to say John W. Leavitt, Lemuel Lamb and Charles Atwater, David H. Nevins to him known, as the attorney of Charles F. Moulton, Daniel Low, David H. Nevins, John H. Gossler, Joseph L. Joseph, Samuel S. Lewis, Amos Binney, Joseph Swift, and James B. Danforth known to him to be the same persons whose signatures are annexed to the within instrument severally and respect-

ively signed their names to said instrument, and duly ac-
knowledged the execution thereof, for the uses and purposes
therein expressed, and that he became a subscribing wit-
ness to said execution."

"In testimony whereof, &c.

[L. s.]                (signed)      John Smalley,
                                        Notary Public."

The law prescribing the mode of authenticating deeds by
the testimony of subscribing witnesses is as follows: "And
on taking proof of any deed, or instrument of writing by the
testimony of any subscribing witness, the judge or officer
shall ascertain that the person who offers to prove the same,
is a subscribing witness either from his own knowledge or
from the testimony of a credible witness, and if it shall ap-
pear from the testimony of such subscribing witness, that
the person, whose name appears subscribed to such deed or
writing is the real person who executed the same, and that
the witness subscribed his name as such, in his presence and
at his request, the judge or officer shall grant a certificate
stating that the person testifying as subscribing witness, was
personally *known to him* to be the person whose name ap-
pears subscribed to said deed, as a witness of the execution
thereof, or that he was proved to be such by a credible wit-
ness, naming him, and stating the proof made by him," &c.
Revised Statutes, ch. XXIV, § 20.

The certificate under consideration is wholly defective,
in this, that it contains no statement of the identity of the
person testifying as to the execution of the said deed, with
him whose name is thereunto subscribed as a witness, either
upon the knowledge of the officer taking the proof, or the
testimony of a credible witness. The bare statement that
such person was known to said officer, is neither a literal,
nor substantial compliance with the requisition of the stat-
ute in that behalf. Nor is the statement of the person tes-
tifying as to the execution of the deed, the proof of a cred-
ible witness, required by the statute, that such person is a
subscribing witness to the deed.

3d.   The third certificate shows the proof of the execu-

Job *et al. v.* Tebbetts.

tion of the aforesaid deed by James C. Dunn, one of the grantors named in it, by the testimony of John Tillson Jr. as a subscribing witness of the execution of said deed by the said Dunn, but the necessity of its examination is superseded by the admission of the defendant's counsel that the fifth certificate, showing the same proof by the same witness, is sufficient.

The remaining certificates are intended to show proof by persons other than the subscribing witnesses to said deed, of its execution by one or more of the grantors named therein. The view taken of one of said certificates, viz: the sixth, which has reference to the execution of the said deed by all of the grantors named in it, except Charles F. Moulton, will render the expression of an opinion as to the sufficiency of any of the others unnecessary.

6th. That certificate is as follows, to wit:

"State of Illinois, ⟩ ss. Be it remembered, that on this Adams County. ⟨ 21st day of October, A. D. 1846, came before me, John Tillson Jr., to me personally known, and who being by me sworn, did depose and say, that he was personally acquainted with John W. Leavitt, Daniel Low, David H. Nevins, Lemuel Lamb, John N. Gossler, Amos Binnep, Joseph L. Joseph, Samuel S. Lewis, James C. Dunn, Joseph Swift, Charles Atwater, James B. Danforth, and Frederick Taylor, whose names appear subscribed to the foregoing deed, as grantors and attesting witness. That neither of said individuals now reside, or ever have resided in the State of Illinois, but that all of whom, as deponent verily believes, who are not dead, except Frederick Taylor whose residence, if in the United States, is unknown to his acquaintances, now reside either in the States of Massachusetts, Connecticut, New York, or Pennsylvania. That said deponent well knew their signatures. That all of said named individuals, except Frederick Taylor, were the trustees of the Illinois Land Company, of which deponent was the agent, and said Taylor the Secretary: and in connection with the transactions of which company, said deponent had frequently seen, and well knew all the signatures of the said in-

dividuals; that said deponent verily believed each and all the names of said individuals were thereunto subscribed by themselves."

"In testimony whereof, &c.

[L. s.]          (signed)          Peter Lott, Clerk,

By George W. Leech, deputy."

The provision of law in pursuance of which this proof was taken, is found in the conclusion of sec. 20, chap. XXIV. of the Rev. Stat. of 1845, on page 107, and is in the following words, to wit: "And where any grantor or person, executing such deed or writing, and the subscribing witnesses are deceased, or cannot be had, the judge or officer as aforesaid, may take proof of the handwriting of such deceased party, and subscribing witness or witnesses (if any,) and the examination of a competent and credible witness, who shall state on oath or affirmation, that he personally knew the person whose handwriting he is called to prove, and well knew his signature (stating his means of knowledge,) and that he believes the name of such person subscribed to such deed or writing as party or witness (as the case may be,) was thereto subscribed by such person; and when the handwriting of the grantor or person, executing such deed or writing, and of one subscribing witness (if any there be,) shall have been proved as aforesaid, the judge or officer shall grant a certificate thereof stating the proof aforesaid."

It is objected, *first*, that the officer taking the proof of the handwriting of the grantors named in the deed under consideration, does not in this certificate state that John Tillson Jr., the person by whom such proof was made, was a competent and credible witness; and *second*, that the said Tillson's means of knowledge of the handwriting of the person named as grantors in and subscribing witness to said deed, as stated in said certificate, were wholly insufficient to entitle him to prove by the statement of his belief, "that the names of such persons subscribed to said deed," as grantors and witness, "were thereto subscribed by such persons."

The first of these objections is manifestly untenable. Although the law authorizes the officer to take the evidence

of "competent and credible witnesses" only in proof of the execution of deeds, and to state the proof made by such witnesses in his certificate, yet it does not require him to certify that any such witnesses are "competent and credible." The law is in that respect directory to the officer, and it will be presumed that he has obeyed its behests. That presumption, it is true, may be rebutted by proof that the witness proving a deed in any case, was not competent nor credible, and the validity of the proof made by him be thus destroyed; until then it will suffice.

The second objection is also considered by a majority of the Court, as inoperative to impair the validity of the certificate.

The statement of the witness that he, as agent of the Illinois Land Company, had frequently seen, and well knew all the signatures of the grantors named in said deed as trustees, and of the subscribing witness as secretary of the same company, in connection with the transactions of said company, is deemed sufficient to show either that he had seen such persons write, or had seen documents with their names subscribed thereto, and recognized by them as genuine, in the course of business transactions.

In holding this certificate sufficient we are not to be understood as dispensing with the proof necessary to lay the foundation for receiving proof of a deed by any other than a subscribing witness thereto, when, as in this case, it appears that the deed was attested by a subscribing witness.

Such foundation can only be laid by satisfactory proof, in the language of the law, "that the grantor or person executing such deed or writing, and the subscribing witnesses are deceased, or cannot be had," ( Rev. Stat. ch. XXIV, § 20;) and the requisition of the law in that behalf is not complied with, by a statement of the officer in his certificate of the proof made by the witness, that he swore to the death or absence of the grantor and subscribing witness.

That proof is to be made to the Court preliminary to offering the proof of the deed for its adjudication, and must be made by matter *aliunde* the certificate. In the absence of

anything showing that it was not so, it will be presumed that this requisite preliminary proof was in this case made.

II.   The certificate of the proof of the execution of the second deed offered in evidence by the plaintiff, is in the words and figures following, to wit:

"State of Pennsylvania, }
City and County of Philadelphia. }

On the 9th day of September, A. D. 1842, personally came before me, Frederick Taylor, a subscribing witness to the within indenture, with whom I am personally acquainted, who, being by me duly sworn, did depose and say, that he resides in the said city; that he knew Thomas Dunlap, and Lemuel Lamb, the persons described in, and who executed the within indenture; that they acknowledged they executed the same for the uses, purposes and considerations therein mentioned, and that the said Frederick Taylor subscribed his name as a witness thereto."

· "In testimony whereof, &c."

[Seal.]          (signed)
                                   "Edward Hurst, Not. Pub."

The objections to this certificate urged by the defendants, counsel, are *first*, that it does not state that the officer taking the proof of the deed, "ascertained" before granting his certificate, that the person who offered to prove the said deed, was a subscribing witness, either from his own knowledge, or from the testimony of "a credible witness" as required by law, and *second*, that it does not state "that it appeared from the testimony of such subscribing witness, that the said witness subscribed his name as such, in the presence and at the request" of the grantor named in the deed.

I consider the first of these objections entirely groundless. The officer in his certificate describes the witness who proved the deed as "Frederick Taylor, a subscribing witness to the within indenture, with whom I am personally acquainted;" and that I consider as amounting virtually to a statement that the officer, of his own knowledge, knew the said Frederick Taylor to be a subscribing witness to said deed.

Job *et al. v.* Tebbetts.

As to the other objection, it is the opinion of a majority of the Court that it, also, is unsound. It is considered that although it must "appear from the testimony of a subscribiug witness, that he had subscribed his name as such in the presence, and at the request of the grantor, before the officer can grant his certificate, that nevertheless, that fact need not be stated in the certificate; that "the proof made by the witness," which the law requires should be stated in the certificate, has reference to the execution of the deed by the grantors, and not the subscription of the name of the subscribing witness thereto as such.

In this view of the subject, the Court did not err in admitting said second deed. The objection to the third deed, being the first offered by him in evidence, from Henry Winsor to him, is two-fold, viz:

1st. That it misdescribes the land sued for; and

2d. That it was not sufficiently proved to have been executed by the grantor named in it.

1st. The description of the land, as found in the deed, is "a certain tract of land situate in Madison county, in the State of Illinois, to wit: the south fractional half of section No. 33, T. 5 N. of R. No. 9 west of the 4th principal meridian." The description in the plaintiff's declaration is in all respects the same, except as to the meridian west of which the land is described as lying, that named in the said declaration being the 3d principal meridian. The variance in this respect between the allegation of the declaration, and the deed offered in evidence to support it, should operate to render the latter inadmissible for irrelevancy, unless the words "of the 4th principal meridian," used in it, may be rejected as surplusage. It is assumed by the plaintiff's counsel that they may be. He insists that the description of the land as being in a certain section, township and range west, and in Madison county, gave to it a certain and definite locality in that county, without reference to the particular meridian west of the range in which it was situated, lay; that the law would intend that such meridian was that nearest said county on the east; and hence the deduction is drawn by him, that

any reference to the meridian being unnecessary for perfecting the description of the land, should, therefore, if inconsistent with the description made without it, be rejected as surplusage.

The premises assumed by him are undoubtedly correct, but the conclusion drawn therefrom is not necessarily so. It may be premised as well of the county as of the meridian, that the latter being described, no description of the former is necessary, and then by the same process of reasoning, if the two were contradictory of each other, it might be rejected.

But the necessity of the rejection of either of these terms of description, where both are used, can in no case exist if they be compatible with each other. In such case they add to, rather than diminish the certainty of the description in so far, as they express what in case of omission to define the meridian, the law implies. But where the terms are inconsistent and contradictory of one another, and the use of both destroys the certainty of description found in the use of either one or the other, if both be used, must be rejected, or the deed be inoperative. As in this case, if the land described as being in Madison county, had been also described as being not in T. 5, but in T. 4 N. of R. 9 west of the 4th principal meridian, its locality would have been fixed in Hancock county, and thus inconsistency between the two terms of description used, would have resulted rendering the rejection of one or the other necessary to give effect to the deed.

In such case the description by the meridian as being a relative mete or bound fixed by law for purposes of the description of land, and free from the liability to change to which county lines are constantly subjected, would be retained in preference to that by the county. But in this instance no such conflict arises. The fourth principal meridian, it is true, does not extend as far south as Madison county, and therefore no lands lying in that county are properly described as lying west of that meridian; but it is on the other hand equally true that there is no such tract of land in the State of Illinois as section No. 33, in township No. 5 north of range No. nine west of the fourth principal meridian. The reference

to that meridian is consequently as unmeaning as if made to a meridian having no existence in the State, as the tenth for instance, and its effect is inoperative to disturb the certainty of the description existing without it, and, upon the maxim of *utile per inutile non vitiatur,* must be rejected as surplusage. Thus the description being left as if no meridian had been referred to, corresponds with that in the declaration, as the law fixes the third principal meridian as that west of which the land being in range nine, and in Madison county, necessarily must be.

Had the reference to the fourth principal meridian indica-. ted a tract of land lying in the State of Illinois, but out of the county of Madison, and thus rendered the description uncertain, parol evidence would have been as well inadmissible, as inadequate, either to relieve from such uncertainty, or to indicate which of the contradictory terms of description should be rejected. But the parol evidence heard upon the trial in explanation of the meaning and operation of the deed in question, although uncalled for and improper, was nevertheless without effect upon the result. It amounted to no more than the Court already judicially knew, that no lands in Madison county lay west of the fourth principal meridian. Its introduction, consequently, did not prejudice the defendants.

2d. Of the sufficiency of the authentication of this deed there can be no doubt. The acknowledgment of the grantor is made before a justice of the peace of the county of Suffolk, in the State of Massachusetts, and his certificate is accompanied by that of the "clerk of a Court of record, to wit, of the Court of Common Pleas within and for said county and State, under his hand and the seal of said Court," that the said "deed was executed and acknowledged in conformity with the laws of such State," as required by the statute in such case made and provided. Rev. Stat. XXIV, §16.

There being no error in the opinion of the Circuit Court in admitting any of the several deeds referred to in evidence, its judgment is affirmed with costs.

*Judgment affirmed.*